1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  ROBERTO LOBO FILHO,                    No. C-11-6579 TEH (PR)

12            Plaintiff,                   ORDER OF DISMISSAL WITH LEAVE
                                           TO AMEND
13        v.

14  SAN FRANCISCO CITY & COUNTY, et
    al.,
15

16            Defendants.
                                        /
17  _____

18        Plaintiff Roberto Lobo Filho, a prisoner presently

19  incarcerated at San Francisco Jail, has filed a pro se civil rights

20  complaint under 42 U.S.C. § 1983 alleging violations of his

21  constitutional rights.  Specifically, Plaintiff alleges that between

22  August and November of 2011, (1) defendants were deliberately

23  indifferent to his safety by housing him with heterosexual inmates

24  who beat Plaintiff multiple times because of Plaintiff's sexual

25  orientation, and (2) defendants violated his rights under Title II

26  of the Americans with Disabilities Act of 1990, 42 U.S.C.§ 12101 et

27  seq. ("ADA").  This action is now before the Court for review under

28  28 U.S.C. § 1915A.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a). In its review the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  Id. at § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under the color of state law committed a violation of a right secured by the Constitution or laws of the United States.  West v. Atkins, 487 U.S. 42, 48 (1988).  Pleadings filed by pro se litigants, however, must be liberally construed. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

II

A

In the instant Complaint, Plaintiff alleges that he informed the San Francisco Sheriff's Department ("SFSD") that he was a gay male and requested solitary housing for his own safety. Despite his request, from August thru November 2011, SFSD housed him with heterosexual inmates who beat him up "over 8 times" because of "direct gay hate crime bashing."  Doc. #1 at 3.  Plaintiff alleges that he has attempted to file written grievances regarding his housing concerns, but that SFSD Deputies have refused to submit the

2

grievances which he has handed in.  <u>Id.</u> at 2-3.  Plaintiff also states that his rights under the ADA have been violated.  He states that he is physically disabled due to HIV and "Hepe", and that the housing deputies have laughed at his disabilities and refused to inform Chief Brin about his disabilities.  <u>Id.</u> at 2.

B

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250 (9th Cir. 1982) <u>abrogated on other grounds by</u> <u>Sandin v. Conner</u>, 515 U.S. 472 (1995); <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from attacks by other inmates violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  <u>Farmer</u>, 511 U.S. at 834; <u>Hearns</u>, 413 F.3d at 1040-41.  A prisoner may state a § 1983 claim under the Eighth Amendment against prison officials only where the officials acted with "deliberate indifference" to the threat of serious harm or injury to an inmate by another prisoner.  <u>See</u> <u>Berg v. Kincheloe</u>, 794 F.2d 457, 459 (9th Cir. 1986).

Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant

3

proximately caused the deprivation of a federally-protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).  Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights.  Leer, 844 F.2d at 634.  Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).  Although the federal rules require brevity in pleading, a complaint must be sufficient to give the defendants "fair notice" of the claim and the "grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotations and citations omitted).  District courts, however, must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints.  Lopez v. Smith, 203 F.3d 1122, 1126-28 (9th Cir. 2000) (en banc).

        To state a claim under the ADA, a plaintiff must allege four essential elements:

> (1) the plaintiff is an individual with a disability;
> (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;
> (3) the plaintiff was either excluded from participation in or denied the benefits of the public entity's services, programs or activities, or was otherwise discriminated against by the public entity; and
> (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability.

Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002).

//

4

C

Liberally construed, Plaintiff's Complaint appears to state a section 1983 claim for deliberate indifference to his safety.  However, Plaintiff fails to set forth specific facts as to how each individual defendant proximately caused the deprivation of a federally-protected right.

Plaintiff's Complaint does not, however, state a claim for a violation of the ADA.  Plaintiff does not allege that he was excluded from participation in or denied the benefits of some public entity's services, programs or activities by reason of his disability, or was otherwise discriminated against by the public entity by reason of his disability.  Given the deficiencies in his pleading, Plaintiff will be afforded an opportunity to amend his complaint within thirty days.

III

For the foregoing reasons, Plaintiff's Complaint is DISMISSED WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT against all Defendants that Plaintiff wishes to proceed against in this action. The pleading must be simple, concise and direct and must state clearly and succinctly how each and every Defendant is alleged to have violated Plaintiff's federally-protected rights.  See Leer, 844 F.2d at 634.  The pleading must include the caption and civil case number used in this order and the words COURT ORDERED FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper First Amended Complaint within thirty days of this order will result in the dismissal of this action.

1         Plaintiff is advised that the First Amended Complaint will

2   supersede the original Complaint and all other pleadings.  Claims

3   and Defendants not included in the First Amended Complaint will not

4   be considered by the Court.  See <u>King v. Atiyeh</u>, 814 F.2d 565, 567

5   (9th Cir. 1987).

6         IT IS SO ORDERED.

7

8   DATED   _04/11/2012_   _____

                                    THELTON E. HENDERSON

9                                       United States District Judge

10

11

G:\PRO-SE\TEH\CR.11\Filho-11-6579-dwlta.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                            **6**